IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| ROBERT HENDERSON, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| NANCY A. BERRYHILL, Acting | * | No. 3:17cv00208-JJV |
| Commissioner, Social Security | * | |
| Administration, | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM AND ORDER**

Plaintiff, Robert Henderson, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits and supplemental security income. Both parties have submitted appeal briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). After careful review of the pleadings and evidence in this case,

I find the Commissioner's decision is supported by substantial evidence and the Complaint should be DISMISSED.

Plaintiff was forty-seven years old at the time of the administrative hearing. (Tr. 111.) He testified he went as far as the tenth grade in school. (Tr. 112.) He has past relevant work as an operating engineer and heavy equipment mechanic. (Tr. 98.)

The Administrative Law Judge[1] (ALJ) found Mr. Henderson had not engaged in substantial gainful activity since January 13, 2014 - the alleged onset date. (Tr. 91.) He has "severe" impairments in the form of degenerative disc disease and tinnitus. (*Id.*) The ALJ further found Mr. Henderson did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 92-93.)

The ALJ determined Mr. Henderson had the residual functional capacity to perform a reduced range of light work given his physical limitations. (Tr. 93.) The ALJ determined Mr. Henderson could no longer perform his past work, so he utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite his impairments. Based on the testimony of the vocational expert (Tr. 124-127), the ALJ determined Mr. Henderson could perform the jobs of router and garment sorter. (Tr. 99.) Accordingly, the ALJ determined Mr. Henderson was not disabled. (Tr. 100.)

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

The Appeals Council received additional evidence and denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-6.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of his Complaint, Plaintiff argues the ALJ's residual functional capacity assessment was flawed. (Doc. No. 11 at 23-25.) Specifically, he argues the ALJ failed to give sufficient weight to the findings of his treating physician, Terry Hunt, M.D. Plaintiff points to Dr. Hunt's April 4, 2016, Medical Source Statement whereby he reported Plaintiff was extremely limited. (Tr. 656-657.)

The ALJ considered this evidence and stated:

> The undersigned gives partial weight to the opinions of Terry Hunt, M.D. [Tr. 656-657.] As a treating physician, with the opportunity to examine and interact with the claimant on multiple occasions, he is well positioned to offer an opinion regarding the claimant's work-related limitations. In addition, his opinions are supported by his treatment notes, which show that the claimant was experiencing recurrent episodes of cervical and lumbar spinal pain. [Tr. 387-426, 653-654.] The undersigned gives his opinions only partial weight for two primary reasons. First, because Dr. Hunt offered little support for his opinion beyond a list of the claimant's current diagnosis and medications. [Tr. 656-657.] There was no accompanying narrative or explanation providing such relevant information as the severity or specific, limiting effects of the claimant's impairments. Second [*sic*] it is difficult to reconcile Dr. Terry's [*sic*] opinion with his own treatment notes. Although Dr. Terry [*sic*] lists the claimant's lumbar MRI as the primary objective evidence behind his opinion, a March 29, 2016 treatment record notes that the claimant had normal lower extremity strength, nerve function and range of motion. 653-654.] However, the undersigned gives this opinion partial weight given that a portion of Dr. Hunt's restrictions are reasonable when considered in context of the medical record as a whole.

(Tr. 98.)

Plaintiff correctly argues his treating doctor should generally be given deference. I find - based on ALJ's above explanation - he could properly discount Dr. Hunt's opinions. Dr. Hunt's Medical Source Statement is simply unhelpful and devoid of substance. Therefore, I find no error in discounting Dr. Hunt's opinion.

The United States Court of Appeals for the Eighth Circuit has reiterated:

> Generally, a treating physician's opinion is given more weight than other sources in a disability proceeding. 20 C.F.R. § 404.1527(c)(2). Indeed, when the treating physician's opinion is supported by proper medical testing, and is not inconsistent with other substantial evidence in the record, the ALJ must give the opinion controlling weight. *Id.* "However, [a]n ALJ may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010) (alteration in original) (internal quotation omitted). Ultimately, the ALJ must "give good reasons" to explain the weight given the treating physician's opinion. 20 C.F.R. § 404.1527(c)(2).

*Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012).

There is no question Mr. Henderson suffers from some degree of pain and limitation from his back, arm, and shoulder impairments. However, the treatment notes are conflicting as to what degree Mr. Henderson is limited. There are some notes that show Plaintiff suffers from substantial pain aggravated by standing and walking. (Tr. 543.) But, as the Commissioner notes, records from approximately one month later report, "Negative for back pain and gait problem." (Tr. 537.) Overall, I agree with the Commissioner that the treatment records mainly show normal movement of extremities, negative straight leg raises and normal gait. (Doc. No. 12 at 5.) And some treatment notes suggest Plaintiff's pain is exacerbated from heavy exertion. Therefore, I am unable to find reversible error with the ALJ's residual functional capacity assessment.

I recognize that Plaintiff believes the ALJ should not have given great weight to the conclusions of non-treating physicians Karmen Hopkins, M.D., and Dan Gardner, M.D. However, I find this argument to be without merit. The opinions of Drs. Hopkins and Gardner are overall consistent with Plaintiff's treatment records and may constitute substantial evidence.

Plaintiff had the burden of proving his disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Mr. Henderson has failed to meet this burden. "Disability" is the "inability to

engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (emphasis added). A "physical or mental impairment . . . results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). Although Plaintiff has limitations, the treatment records fail to show marked limitation in his ability to perform work related activities at the *light* exertional level.

Plaintiff has advanced other arguments which I find are without merit. Mr. Henderson's counsel has done an admirable job advocating for Plaintiff. But it is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final decision of the Commissioner is affirmed and Plaintiff's Complaint is dismissed with prejudice.

IT IS SO ORDERED this 11th day of January, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE